UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40359
Summary Calendar
_____


RICHARD C. RODRIGUEZ,

Petitioner-Appellant,

versus

PERCY H. PITZER,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:98-CV-1937
_____

April 10, 2000

Before JONES, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:*

        Appellant Rodriguez, now incarcerated in federal prison
for heroin trafficking charges, appeals the district court's
dismissal of his habeas petition as a successive petition under 28
U.S.C. § 2255, whose filing was unauthorized by this court.
Because we conclude that the petition reaches the means and manner
of execution of Rodriguez's sentence, rather than its
constitutionality, we must reverse and remand.

_____

        *Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez is serving a 14-year sentence in federal court, a sentence imposed shortly after he violated his parole from a 25-year term imposed by Texas for burglary of a habitation. While the federal district court did not advise that the federal sentence was to run concurrently with the state sentence, Rodriguez asserts that the state court did so specify. Now in federal custody, Rodriguez wants the Bureau of Prisons to designate the state penitentiary as the "place of confinement" for purposes of his federal sentence, and he asserts that the U.S. Marshal should have "assumed custody over him" at some earlier date so that he could have been serving his federal sentence concurrently with the state sentence.

Neither the background of nor the specific allegations in Rodriguez's petition are further germane. After receiving briefing from Rodriguez and from the Bureau of Prisons, the district court determined that Rodriguez was pursuing a successive § 2255 habeas petition. The court reasoned that a previous § 2255 petition, filed in the Western District of Texas, sought essentially the same relief, although it characterized the claim as being for ineffective assistance of counsel on the grounds that Rodriguez's attorney failed to request the district court to specify whether his federal sentence would run concurrently or consecutively with the state sentence.

With due respect to the district court, we believe the instant petition addresses the manner and means of execution of the sentence rather than its inherent constitutionality. Had Rodriguez succeeded on his § 2255 petition, he would have been entitled to

2

resentencing, whereas in this case, if he obtains relief, he would receive some kind of declaration that the sentences were to run concurrently. Additionally, in Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Third Circuit determined that a petition raising a challenge very similar to that of Rodriguez falls within the scope of 28 U.S.C. § 2241, and § 2241 is not encompassed within the AEDPA bar on successive habeas petitions.

We note that the government has failed to brief on appeal the contention it raised, in the trial court, that even if Rodriguez's petition is properly characterized as falling under § 2241, he has no statutory or other basis for relief from either the Bureau of Prisons or the federal court's initial failure to specify. Because the government did not brief this issue, however, we leave it to the district court on remand.

The judgment of the district court is vacated and the case is remanded for consideration on the merits pursuant to § 2241.

VACATED and REMANDED.

3